IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANNE KOCI, | CIVIL ACTION NO.: 14-2983 |
| *Plaintiff,* | |
| v. | |
| CENTRAL CITY OPTICAL COMPANY d/b/a PHILADELPHIA EYEGLASS LABS, | |
| | JURY TRIAL DEMANDED |
| *Defendant.* | |

## FIRST AMENDED COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Roxanne Koci ("Plaintiff Koci"), a former employee of Defendant, Central City Optical Company d/b/a Philadelphia Eyeglass Labs ("Defendant"), who has been harmed by the Defendant's discriminatory actions, ultimately resulting in the termination of her employment.

2. This action is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

1

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 as Plaintiff Koci's claims are substantively based on the ADA. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Koci's claims arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Koci's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On March 20, 2014, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Koci has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Roxanne Koci ("Plaintiff Koci"), is a fifty (50) year old adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 3810 Pearson Avenue, Philadelphia, Pennsylvania 19114.

8. Defendant, Central City Optical Company d/b/a Philadelphia Eyeglass Labs ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 1030 Arch Street, Philadelphia, Pennsylvania 19107.

2

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA and PHRA, and has been, and is, subject to the provisions of each said Act.

## IV.   STATEMENT OF FACTS

11. Plaintiff Koci was employed by the Defendant from in or about August of 2002 until on or about September 13, 2012, the date of her unlawful termination.

12. During the course of her eleven (11) year tenure of employment, Plaintiff Koci held the positions of Optician and Office Manager and at all times performed her duties in an exceptional manner.

13. Plaintiff Koci's son, James Koci ("J. Koci"), is employed by the Defendant, holding the position of Optician. J. Koci suffers from Depression. Said medical condition is a disability within the meaning of the ADA and the PHRA in that it substantially impairs one or more of J. Koci's major life activities, including, but not limited to, interacting with others and sleeping.

14. In connection with his disability, on or about August 22, 2012, J. Koci attempted to commit suicide. At all times relevant hereto, the Defendant had knowledge of the same. Immediately thereafter, with the Defendant's permission, Plaintiff Koci commenced a leave of absence from work to care for her son.

15. Subsequently, on or about September 2, 2012, Plaintiff Koci informed Norma Meshkov ("N. Meshkov"), President, that she was able, and planned, to return to work at said time. In response, N. Meshkov subjected Plaintiff Koci to discrimination on the basis of a perceived disability (Depression), by repeatedly inquiring as to Plaintiff Koci's depressed mental state and instructing Plaintiff Koci to remain out of work for an additional eight (8) days in order to care for herself.

16. Shortly thereafter, on or about September 7, 2012, N. Meshkov subjected Plaintiff Koci to further discrimination, inquiring as to whether she was "stable enough to return to work." Despite Plaintiff Koci's repeated assurances that she was able and willing to return, N. Meshkov expressly prohibited Plaintiff Koci from working.

17. On or about September 10, 2012, Plaintiff Koci returned to work, notwithstanding N. Meshkov's protestations that she remain on leave.

18. On or about September 13, 2012, Paul Kohnan ("Kohnan"), General Manager, advised Plaintiff Koci that N. Meshkov and Karen Meshkov ("K. Meshkov"), Manager, had made the decision to terminate her employment, effective immediately.

19. Despite Plaintiff Koci's repeated requests, the Defendant refused to articulate a reason for Plaintiff Koci's termination.

20. Significantly, at no time prior to Plaintiff Koci's termination did the Defendant counsel her for any performance deficiencies or workplace misconduct.

21.     Following Plaintiff Koci's termination, the Defendant replaced her with Lou Rothman ("Rothman"), a significantly less qualified, less experienced individual who was not perceived by Defendant as disabled, nor associated with a disabled family member.

22.     As further discrimination, at or around the time of Plaintiff Koci's termination, the Defendant refused to pay Plaintiff Koci her quarterly bonus.  In stark contrast, however, the Defendant paid quarterly bonuses to other similarly situated employees who were not perceived by the Defendant as disabled, nor associated with disabled family members.

23.     Plaintiff Koci believes and avers that no legitimate business reason existed for the termination of her employment and that her employment was actually terminated based upon an erroneous perception that she was disabled and/or based upon her association with her disabled son.

## COUNT I
### (ADA - Perceived Disability Discrimination, Associational Discrimination)
### Plaintiff Koci v. the Defendant

24.     Plaintiff Koci incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth at length herein.

25.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Koci to discrimination based on a perceived disability and/or her association with her disabled son, ultimately resulting in the termination of her employment, constituted a violation of the ADA.

26. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Koci sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

27. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Koci suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA - Perceived Disability Discrimination, Associational Discrimination)
### Plaintiff Koci v. the Defendant

28. Plaintiff Koci incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Koci to discrimination based on a perceived disability and/or her association with her disabled son, ultimately resulting in the termination of her employment, constituted a violation of the PHRA.

30. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Koci sustained permanent and irreparable harm, resulting in the loss of her employment, which caused

her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Koci suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

32. Plaintiff Koci incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Koci requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Koci for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Koci with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Koci punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Koci, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Koci demands a trial by jury.

SIDNEY L. GOLD & ASSOC. P.C.

By: /s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street - Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED: August 14, 2014