IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROXANNE KOCI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CENTRAL CITY OPTICAL COMPANY | : | NO. 14-2983 |
| d/b/a/ PHILADELPHIA EYEGLASS LABS | : | |

MEMORANDUM

Dalzell, J.                                                                                                           November 14, 2014

We consider here the motion to dismiss plaintiff Roxanne Koci's claims that Central City Optical Company, doing business as Philadelphia Eyeglass Labs ("PEL"), discriminated against her for a perceived disability and/or her association with her disabled son, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 et seq.

For the reasons detailed below, we will grant PEL's motion.

I.     **Factual Allegations**

Plaintiff Roxanne Koci is a fifty-year old woman who worked for PEL for more than ten years before her termination on September 13, 2012. Amended Complaint ("AC") at ¶¶ 7, 11. Her son, James Koci, a PEL optician, suffers from depression, in connection with which he attempted suicide on August 22, 2012.[1] Id. at ¶¶ 13, 14. Immediately thereafter, with PEL's permission, Ms. Koci took a leave of absence to care for her son. Id. at ¶ 14. On September 2, 2012, she told PEL's president, Norma Meshkov, that she planned to return to work. Id. at ¶ 15.

---

[1] PEL contests that Koci informed it of her son's suicide attempt prior to her termination. See MTD at 2 n. 6. But since we must assume in ruling on a motion to dismiss that "the allegations in the complaint are true (even if doubtful in fact)," Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007), PEL's assertion is irrelevant here.

In response, Ms. Meshkov repeatedly asked about Ms. Koci's "depressed mental state" and told her to stay out of work for another eight days "to care for herself." Id. On September 7, 2012, Meshkov inquired whether Ms. Koci was "stable enough to return to work" and, despite Koci's assurances that she was fine, "expressly prohibited" Ms. Koci from working. Id. at ¶ 16. Nonetheless, Ms. Koci returned to work on September 10, 2012. Id. at ¶ 17. Three days later, General Manager Paul Kohnan allegedly told Ms. Koci that both Norma and Karen Meshkov, a manager, had made the decision to terminate her employment immediately and she was refused her quarterly bonus.[2] Id. at ¶¶ 18, 22. PEL gave no reason for this decision and at no time prior to her termination was Koci counseled about performance deficiencies. Id. at ¶¶ 19, 20. Thereafter, PEL replaced her with a less qualified and less experienced individual who was "not perceived by [PEL] as disabled, nor associated with a disabled family member." Id. at ¶ 21.

Ms. Koci alleges that PEL discriminated against her either based on "a perceived disability" or because of "her association with her disabled son" in violation of the ADA, which resulted in her termination. Id. at ¶ 25.

## II.   Standard of Review

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that a plaintiff has failed to state a claim for relief, see Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). A Rule 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint and "[t]he question, then, is whether

---

[2] In her opposition to defendant's motion to dismiss, Koci states that Norma Meshkov prohibited her from working until September 10, 2014, see Mem. in Opp. at 8. Since this date is at odds with the period pled in both the original and amended complaints and exists nowhere else in plaintiff's pleadings, we will deem it a typo.

the facts alleged in the complaint, even if true, fail to support the claim." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (internal citation and quotation marks omitted).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), in order to survive a Rule 12(b)(6) motion "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'," Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678.

Our Court of Appeals requires district courts considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) to engage in a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in her favor, see McTernan v. City of York, PA, 577 F.3d 521, 526 (3d Cir. 2009) (internal quotation marks omitted).  To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Victaulic Co. v. Tieman. 499 F.3d 227, 234 (3d Cir. 2007) (quoting Twombly, 550 U.S. at 555).

**III.    Discussion**

    **A.    Perceived Discrimination Under the ADAAA**

The ADA provides that an individual has a disability if she (1) has "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment."  42 U.S.C. § 12102(1).  In 2008, Congress amended the ADA in reaction to the Supreme Court's decisions in Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999), and Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184 (2002), that, inter alia, defined "substantially limits" to require significant life-activity restrictions compared with the general population.  See ADA Amendments Act of 2008 ("ADAAA"), Pub.L. No. 110-325, 122 Stat. 3553, codified at 42 U.S.C. § 12101 et seq.   Although Congress did not alter the definition of "disability", it instructed that "the definition of disability . . . shall be construed in favor of broad coverage of individuals. . . to the maximum extent permitted by the terms of this chapter."  42 U.S.C. §12102(4)(A).

The amendment did, however, expand the scope of claims by plaintiffs "regarded as" being disabled by liberalizing the pleading standards.  Under the new statute, an individual alleging a discriminatory act based on a perceived disability must establish that she has been subjected to a prohibited action, such as termination, "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. §12102 (3)(A).  Prohibited actions "include but are not limited to" termination or denial of any privilege of employment.  29 C.F.R. § 1630.2(l)(1).  Nonetheless, a plaintiff may not allege perceived disability based on "impairments that are transitory and minor," that is, lasting six months or less.  42 U.S.C. §12102(3)(B); see also Tramp v.

4

Associated Underwriters, Inc., 768 F.3d 793, 805 (8th Cir. 2014) ("An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.").

When a plaintiff alleges a perceived disability, the question is not the plaintiff's actual condition but rather her condition as perceived by her employer, including the "reactions and perceptions of the persons interacting or working with [her]." Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996).

Viewing Koci's allegations of perceived disability in the light most favorable to her, she alleges that on September 2, 2012 PEL's President discriminated against her based on Koci's perceived depression by "repeatedly inquiring as to [her] depressed mental state and instructing [her] to remain out of work" for another eight days, AC at ¶ 15. Five days later, PEL's President asked whether Koci was "stable enough to return to work" and "expressly prohibited" her from working. Id. at ¶ 16. On September 13, 2012 -- three days after Koci returned to work despite the alleged insistence of PEL's president that she remain on leave -- Koci was terminated. Id. at ¶¶ 17, 18.

Koci argues that our sister courts have relied on temporal proximity between the date when the employer learns of plaintiff's impairment and a subsequent adverse employment action to "raise an inference of 'regarded as' disability discrimination." Mem. in Opp. at 10 (quoting McFadden v. Biomedical Sys. Corp., 2014 WL 80717 at *4 (E.D.Pa. Jan. 9, 2014) (Savage, J.)). In McFadden, the plaintiff alleged that his employer was aware of his herniated disc problem and

fired him a week after his doctor's appointment to address that problem.[3]

PEL contends that these allegations fail to show it was aware that Koci may have been disabled by depression or that it perceived her to be. MTD at 7, 8. Even were it aware of Koci's alleged depression, PEL argues, the "mere fact" of that awareness is "insufficient to demonstrate" either that it regarded Koci as disabled or that any such perception caused the adverse employment action. Id. at 8 (quoting Kelly, 94 F.3d at 109).

We agree for two reasons. First, contrary to the "probing, intrusive pattern of inquiry," as Koci characterizes her allegations, see Mem. in Opp. at 12, the complaint alleges only anodyne inquiries. These generalized questions do not permit us to "draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678. Further, Koci has failed to allege a perceived disability that would have been anything other than transitory and minor within the meaning of the statute. Koci states that her son's suicide attempt occurred on August 22, 2012 -- the earliest possible date of the onset of her perceived depression -- and twenty-two days later she was terminated. As our Court of Appeals held in Seibert v. Lutron Electronics, 408 F. App'x 605, 608 (3d Cir. 2010), a depression "induced by specific, non-recurring events" does not constitute disability under the ADA. Accordingly, we hold that Koci's perceived impairment falls short of the statutorily required six months under 42 U.S.C. §12102(3)(B).

---

[3] Plaintiff also relies on two cases where our sister courts denied the defendant summary judgment, Warshaw v. Concentra Health Services, 719 F. Supp.2d 484 (E.D.Pa. 2010) (Pollak, J.) and Stewart v. Bally Total Fitness, 2000 WL 1006936 (E.D.Pa. July 20, 2000) (Savage, J.). These cases are inapposite as the plaintiffs in both cases alleged perceived impairments (failed drug tests and bipolar disease requiring hospitalization) that the employer and others widely knew about.

B.      **Discrimination Under the Association Provision**

Koci also alleges that PEL terminated her because of her "association with her disabled son."

Under 42 U.S.C. § 12112(b)(4), an employer may not discriminate against an employee as a result of "the known disability of an individual with whom the [plaintiff] is known to have a relationship or association." AC at ¶25.

Koci has failed to allege sufficient facts to show any discrimination under the association provision. Although her complaint alleges that PEL was aware of her son's suicide attempt, AC at ¶ 14, she fails to allege any facts to establish that her son was himself disabled. See, e.g., Mohney v. Pennsylvania, 809 F.Supp.2d 384, 401 (W.D.Pa. 2011) (failure to allege an individual's record of a mental condition or impairment is insufficient to establish "disability" within the ADA's ambit). As our Court of Appeals has held, to allege a record of impairment a plaintiff must show the employer relied on such a record in making its adverse employment decision. Eshelman v. Agere Systems, Inc., 554 F.3d 426, 437 (3d Cir. 2009).

Koci argues that she has set forth ample facts for us to "reasonably infer" that PEL terminated her because of its "erroneous assumption that she would have future attendance problems to take care of her son." Mem. in Opp. at 18. But that is not the test. As our Court of Appeals explained in Erdman v. Nationwide Ins. Co., 582 F.3d 500, 510 (3d Cir. 2009), "[u]nder the association provision, there is a material distinction between firing an employee because of a relative's disability and firing an employee because of the need to take time off to care for the relative." See also Reddinger v. Hospital Central Services., Inc., 4 F.Supp.2d 405, 409 (E.D.Pa. 1998) (Joyner, J.) ("[I]f an employee's termination is ... the result of a record of past absences and/or clear indication that additional time off will be needed in the future, no ADA violation has

7

occurred.").

Even had Koci sufficiently alleged she was terminated because of her son's disability, "the association provision does not obligate employers to accommodate the schedule of an employee with a disabled relative." Erdman, 582 F.3d at 510. To prevail under this theory, Koci would have had to allege that she was fired because of her son's disability, not merely because of her association with him. See Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1083 (10th Cir. 1997) (recognizing that dismissal for absence is not actionable even if the reason for that absence is to care for a disabled relative) (cited with approval in Erdman, 582 F.3d at 510). As noted, Koci made no such allegation. To the contrary, she alleges that her employer urged her to take more, not less, time for her son. Koci has therefore failed to allege facts that raise a right to relief above the speculative level as Twombly requires, even assuming as we must that her allegations are true.

Koci relies in error on an Eighth Circuit case, Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011 (8th Cir. 2005), to contend that the temporal proximity between her return to work and PEL's decision to terminate her permits us to infer that PEL's decision hinged on "its belief and corresponding assumption" that she might have to miss work in the future to care for her son. Mem. in Opp. at 18. But that is not the test in this Circuit. Our Court of Appeals has held that timing of adverse actions must be "unusually suggestive" of an impermissible motive "before a causal link will be inferred." Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 n. 9 (3d Cir. 2003) (internal citations omitted). Here, where Koci has failed to plead the necessary predicate -- that is, that her son was disabled within the meaning of the ADA -- we cannot find anything suggestive of an impermissible motive for her termination.

### C. The PHRA Claims

We turn now to Koci's state-law claims under the PHRA. Under the PHRA, it is unlawful for an employer to terminate an individual's employment because of a non-job related handicap or disability. 43 P.S. § 955. Before the passage of the ADAAA, PHRA claims of perceived discrimination were interpreted under identical standards. Taylor v. Phoenixville School District, 184 F.3d 296, 306 (3d Cir. 1999). But that changed when the ADAAA became effective and relaxed the pleading standards. Canfield v. Movie Tavern, Inc., 2013 WL 6506320 at *5 (E.D.Pa. Dec. 12, 2013) (Baylson, J.) ("the PHRA does not follow the same standards and analysis as the ADAAA").

Under the PHRA's "regarded as" standard,

> the relevant inquiry is whether the [employer] perceived [the plaintiff] as disabled within the meaning of the PHRA and, thus, is a question of intent, and not whether [plaintiff] was actually disabled at the time of the adverse employment actions. . . .[The plaintiff] must also show that [her] employer believed that [her] perceived disability substantially limits a major life activity.

Rubano v. Farrell Area School Dist., 991 F.Supp.2d 678, 694 (W.D.Pa. 2014). Koci did not allege that PEL believed that her perceived depression substantially limited any life activity at all. Accordingly, Koci fails to allege that PEL discriminated against her because of a perceived disability under the PHRA.

We next turn to Koci's association discrimination claim. Although claims under the PHRA are interpreted as being identical to unamended ADA claims, Slagle v. Cnty. of Clarion, 435 F.3d 262, 265 n. 5 (3d Cir. 2006), the PHRA does not have an explicit prohibition on alleged employment actions toward employees based on the known disability of an individual with whom the [plaintiff] associates. See 42 U.S.C. § 12112(b)(4). Koci offers no argument as to

9

why we should extend the PHRA beyond the limitations the Pennsylvania General Assembly gave it.  Fletcher v. Pennsylvania Property & Cas. Ins. Guar. Ass'n, 914 A.2d 477 (Pa. Cmwth. 2007) (holding that a statute's failure to include an express provision implied that such a provision was not legislatively intended).  We conclude that Koci's association discrimination claim fails to state a claim for relief under the PHRA and therefore we will dismiss Count II as well.

### IV.  Conclusion

Koci has failed to sufficiently plead facts under federal or Pennsylvania state law that would permit us to infer that PEL either discriminated against her for a perceived disability or for her association with her disabled son.  Accordingly, we will dismiss both counts of her amended complaint.

An appropriate Order follows.

BY THE COURT:

/S/ STEWART DALZELL, J.